# Reed et al. v. Taylor et al.

April 28, 1942.

G. R. Blackburn for appellants.

E. J. Picklesimer and Jean L. Auxier for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part and reversing in part.

Geneva Reed and her husband, Dow Reed, instituted this action against John W. Taylor and Fannie Honaker and her husband, G. C. Honaker. They alleged that Taylor was wrongfully asserting title to and had possession of a tract of land which they had purchased from the Honakers. They prayed that Taylor be enjoined from trespassing upon or asserting ownership of the land; that he be evicted therefrom; and that they be adjudged the rightful owners. The second paragraph of the petition set forth that, in case the Reeds were not entitled to the relief sought against Taylor, they be permitted to recover $350 from the Honakers, the alleged purchase price of the land, or that the Honakers be required to perfect any defect found to exist in their title. Taylor answered denying the allegations of the petition as to him and the Honakers filed a general demurrer to the allegations relating to them. The depositions of several witnesses and several exhibits were filed. The trial resulted in the dismissal of the petition as it applied to Taylor and the sustaining of the demurrer filed by the Honakers. The Reeds declined to plead further, and therefore the second paragraph of their petition was dismissed. This appeal is being prosecuted from both rulings.

The property in question was conveyed to Taylor by the Reeds in December, 1933, under an arrangement

whereby he satisfied a judgment against them for some $900 in favor of the Taylor Motor Company which was owned by his son, Tom Taylor. The Taylor Motor Company had instituted proceedings through its attorney, Willis Staton, against a man by the name of Runyan on an account and the property in question was levied upon in that action. The Reeds signed a replevin bond in that proceeding, and, as indicated above, it was through this channel that the property finally came into their hands. Staton represented the Motor Company in several proceedings and being unable to collect his fees from Tom Taylor, so he testified, he instituted an action against Tom and John W. Taylor, an appellee herein, in the Pike quarterly court to recover $176. Judgment was entered against Tom Taylor only for that amount in favor of Staton. Apparently being unable to collect the judgment from Tom Taylor, and contending, as he testified, that he had a lien upon the property for an attorney's fee at the time it was conveyed by the Reeds to John W. Taylor and the assignment of the judgment against them in favor of the Taylor Motor Company by Tom Taylor to his father, John W., was made, he proceeded to have the property levied upon even though it stood in the name of John W. Taylor and the judgment in the Pike quarterly court was against Tom Taylor. Staton bid in the property at the sale, which was had over the objection of John W. Taylor, and thereafter assigned his bid to the Honakers who in turn conveyed the property to the Reeds. John W. Taylor remained in possession of the property, and, as indicated above, the Reeds instituted this proceeding to obtain it.

It was the opinion of the special trial judge that the sale under the transcript from the Pike quarterly court vested no title in the purchaser at that sale. The appellants insist that the assignment of the judgment against the Reeds by Tom Taylor to his father could not work to defeat the collection of the alleged attorney's fee due Staton from Taylor, since the father knew of Staton's alleged claim. They contend, of course, that the sale was valid, while John W. Taylor contends that the lower court correctly ruled that it was void.

We have examined the transcript of the proceedings in the Pike quarterly court which has been filed with this record and the other exhibits and testimony carefully, and have reached the conclusion that the ruling of the

lower court on Taylor's phase of the case was correct. It boils down to this: Staton sued Tom and John W. Taylor in the Pike quarterly court for $176. Judgment was entered in that court against Tom only for the amount claimed. Land belonging to John W. Taylor was levied upon to satisfy the judgment against Tom. That is what the record shows. True it is, as we have noted, that the appellants have sought to furnish an explanation as to how the property conveyed to John W. Taylor by the Reeds in 1933 was impressed with a lien in favor of Willis Staton. As indicated, we are not disposed to disturb the ruling of the lower court to the effect that the sale based upon the proceeding in the Pike quarterly court was void.

No reason was given by the lower court for sustaining the demurrer filed by the Honakers to the second paragraph of the petition. The Honakers have filed no brief. We fail to see how they could contend, however, that they were not properly made parties to this action, in view of the circumstances heretofore noted, and apparently they took the same view by filing the general demurrer. It is charged that the Honakers conveyed the property to the Reeds under a general warranty deed. If, as it now develops, the Reeds were unsuccessful in getting the property from Taylor, they were justified in asserting their claim to the purchase money paid to the Honakers. It follows, therefore, that it was error to sustain the demurrer to the second paragraph of the petition.

Wherefore, the judgment is affirmed as to John W. Taylor and reversed as to the Honakers with directions for proceedings consistent with this opinion.